UNITED STATES of America, Appellee,

v.

Eugene CHUSID, Defendant–Appellant.

Nos. 04–4486–cr(L); 04–5307–cr(con); 04–5482–cr(con); 04–5775–cr(con); 05–0128–cr(con).

United States Court of Appeals, Second Circuit.

April 25, 2008.

Arza Feldman, Uniondale, NY, for Defendant–Appellant.

Michael D. Maimin, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Southern District of New York, on the brief, Celeste L. Koeleveld, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. AMALYA KEARSE, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Eugene Chusid pleaded guilty in the United States District Court for the Southern District of New York (Kaplan, *J.*) to wire fraud, in violation of 18 U.S.C. § 1343; interstate transportation of stolen property, in violation of 18 U.S.C. § 2314; and engaging in the business of receiving deposits without authorization under federal or state law, in violation of 12 U.S.C. § 378(a)(2). The district court sentenced Chusid to 37 months' imprisonment and three years' supervised release, and ordered him to pay restitution in the amount of $360,000 and a fine of $250,000. Later, Chusid defaulted on the restitution and fine orders, and was resentenced to an additional four months' imprisonment, pursuant to 18 U.S.C. § 3614. The district court also ordered Chusid incarcerated for civil contempt. On appeal, we affirmed the incarceration portion of the district court's sentence and upheld the contempt order. However, we remanded for resentencing solely to permit the district court to impose a fine within the applicable Guidelines range or to impose a greater fine accompanied by reasons justifying the departure. *United*

*States v. Chusid,* 372 F.3d 113, 118 (2d Cir.2004). After a hearing, the district court reimposed the $250,000 fine. We assume the parties' familiarity with the underlying facts and the issues presented for review.

■ Chusid argues that the above-Guidelines fine is unreasonable because the district court's finding as to ability to pay is based on impermissible speculation. We review a district court's decision to depart from the Guidelines for abuse of discretion. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Selioutsky,* 409 F.3d 114, 119 (2d Cir.2005).

The district court is "entitled to find all of the facts ... relevant to the determination of a non-Guidelines sentence" by a preponderance of the evidence. *United States v. Crosby,* 397 F.3d 103, 112 (2d Cir.2005); *United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005). As Chusid concedes, the district court "should not uncritically accept a defendant's representation that he has no assets," *United States v. Kassar,* 47 F.3d 562, 567 (2d Cir.1995), *abrogated on other grounds by Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); it may draw inferences about a defendant's assets from circumstantial evidence, *United States v. Wong,* 40 F.3d 1347, 1383 (2d Cir.1994); and it may rely on "evidence of lucrative illegal activity" to support a finding that a defendant is able to pay a fine, *United States v. Orena,* 32 F.3d 704, 716 (2d Cir. 1994).

■ The district court's determination that Chusid has the means to pay the $250,000 fine is based on its non-erroneous findings that Chusid fraudulently obtained more than $1.6 million in a single transaction, and that he wired $2.76 million offshore in an attempt to shelter the proceeds of his illegal conduct. On Chusid's original appeal, we concluded that these same findings did not constitute an abuse of the district court's discretion. *Chusid,* 372 F.3d at 117. Likewise, we now conclude that the above-Guidelines fine was reasonable because the district court's findings are based on evidence in the record, not mere speculation.

■ ■ Chusid complains that the district court failed to provide a written statement of reasons for imposing an above-Guidelines fine in the written order of judgment. *See United States v. Rattoballi,* 452 F.3d 127, 138 (2d Cir.2006) (explaining that 18 U.S.C. § 3553(c)(2) "requires that the district court both (1) state in open court the 'specific' reason for the imposition of a sentence 'different from' the advisory Guidelines sentence and (2) state the reasons for that sentence 'with specificity in the written order of judgment and commitment.'" (quoting 18 U.S.C. § 3553(c)(2))). However, a statement of reasons was attached to the amended judgment of August 6, 2004, explaining that Chusid committed a lucrative fraud and that he now controls more than $2 million. The statement concludes that a Guidelines fine would result in a "travesty of justice." Finally, the statement explains that a $250,000 fine is "necessary for general and specific deterrence." The district court thus complied with 18 U.S.C. § 3553(c)(2).

Finding no merit in Chusid's remaining arguments, the amended judgment of the district court is hereby **AFFIRMED.**